UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INEZ HUNTER, | Case No. 08-CV-4980 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| FORD MOTOR COMPANY; CHRYSLER, LLC; CITI FINANCIAL AUTO; HASTINGS AUTOMOTIVE, INC.; DION CARPENTER; DOUG ERICKSEN; and JOHN DOES I through X, | |
| Defendants. | |

Inez Hunter, pro se.

Brian L. Vander Pol, DORSEY & WHITNEY LLP, for defendant Ford Motor Company.

Marko J. Mrkonich and Reagan Wilkins Oden, LITTLER MENDELSON, PC, for defendant Chrysler, LLC.

David K. Cole, III and Lucia Nale, MAYER BROWN LLP; Kelly W. Hoversten, GRAY PLANT MOOTY MOOTY & BENNETT, PA, for defendant Citi Financial Auto.

Mark Scholle, SCHOLLE LAW FIRM, LTD., for defendants Hastings Automotive, Inc., Dion Carpenter, and Doug Ericksen.

Defendants Chrysler, LLC and Ford Motor Company ("Ford") move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all of plaintiff Inez Hunter's many claims against them. Chrysler and Ford also move under Rule 9(b) of the Federal Rules of Civil Procedure to dismiss some of Hunter's claims as having been pleaded with insufficient particularity. Hunter, for her part, moves for default judgment against all defendants.

The Court referred the parties' motions to Magistrate Judge Janie S. Mayeron under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). On May 6, 2009, Judge Mayeron issued a thorough Report and Recommendation ("R&R"), in which she recommended denying Hunter's motions and granting in part Ford's and Chrysler's motions. Hunter objected to the R&R, and the Court has therefore reviewed de novo those portions of the R&R to which Hunter has objected, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Ford did not object to the R&R, and the Court therefore adopts the R&R insofar as it denies Ford's motion. Chrysler filed for bankruptcy on April 30, 2009, and consequently proceedings against Chrysler were automatically stayed as of that date under 11 U.S.C. § 362(a)(1). Because of the stay, Chrysler was not required to file objections to the R&R, and this order will not address Hunter's claims against Chrysler. (Hunter will presumably file a proof of claim in the Chrysler bankruptcy proceeding, if she has not already done so.)

Although the Court largely agrees with the R&R, the Court sustains in part Hunter's objection, as discussed below. The Court therefore adopts the R&R to the extent that it is consistent with this order.

Judge Mayeron found that Hunter did not comply with Fed. R. Civ. P. 9(b) with respect to her claims for violations of Minnesota's laws against unlawful trade practices (Minn. Stat. § 325D.09) and against deceiving senior citizens or disabled persons (Minn. Stat. § 325F.71). That is, Judge Mayeron found that Hunter's complaint does not state "with particularity" the "circumstances constituting fraud" on which Hunter bases these claims. Fed. R. Civ. P. 9(b); R&R at 22-24.

In reaching this conclusion, Judge Mayeron disregarded certain allegedly false statements described in Hunter's complaint because Judge Mayeron found that the statements were not connected to Hunter's "Fourth Cause of Action," the portion of the complaint in which Hunter asserts her claims under Minnesota Statutes §§ 325D.09 and 325F.71. R&R at 23. Hunter objects that

> clearly the who, what, where, when, why, including the time, place, content of the Defendant's false representations, as well as[] the details of the defendants['] acts, including when the acts occurred, who engaged in them, and what was obtained as a result were all satisfied through the entirety of the complaint.

Obj. to R&R at 2 [Docket No. 88].

The Court understands Hunter to be asking, in her objection, that the Court treat all of the allegedly false statements described anywhere in her complaint as supporting her claims under Minnesota Statutes §§ 325D.09 and 325F.71. The Court agrees to Hunter's request, for two reasons. First, pro se complaints must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Second, the Fourth Cause of Action includes a paragraph that explicitly "re-alleges and incorporates each and every allegation contained in all prior paragraphs of this Complaint . . . ." Compl. ¶ 114. If the Court were reviewing the pleading of a represented party, the Court would probably not find that such wholesale incorporation by reference satisfies the requirements of Rule 9(b). But Hunter is not represented, and thus, applying the rule of liberal construction that governs pro se filings, the Court finds that Hunter's complaint adequately notifies defendants that Hunter bases the claims contained in the Fourth Cause of Action on allegedly false statements described anywhere in the complaint.

That said, the Court nevertheless agrees with Judge Mayeron that most of the allegedly false statements described in the complaint do not satisfy Rule 9(b). The Court therefore dismisses Hunter's claims under Minnesota Statutes §§ 325D.09 and 325F.71 without prejudice to the extent that those claims rest on insufficiently particular allegations of false statements. But, as discussed, below, the Court finds that two of Hunter's allegations of false statements are pleaded with sufficient particularity under Rule 9(b). The Court therefore does not dismiss Hunter's claims under Minnesota Statutes §§ 325D.09 and 325F.71 to the extent that the claims rest on those two alleged statements.

The first sufficiently particular statement is as follows:

> Defendants [*sic*] Ericksen authorized Carpenter, and . . . John Does I through X employed at HAI, CFA, Ford and Chrysler to use false and misleading statements that after SIX months Hunter could refinance the car and receive a substantially lower interest rate. . . . [T]hey knew or should have known Hunter could not receive new financing after six months because of excessive prepayment penalties which effectively prohibit borrowers from refinancing at a fairer rate, and they knew or should have know she was considered "Up-Side Down."

Compl. ¶ 66. Under Rule 9(b), a plaintiff must identify who made a false statement, when and where the statement was made, what the statement was, and what was gained or given up because of the statement. *See Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982) ("'Circumstances' [under Rule 9(b)] include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby."), *aff'd* 710 F.2d 1361 (8th Cir. 1983) (en banc); *see also Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). In the quoted passage, Hunter alleges that Carpenter falsely asserted that she would be able to refinance her car in six

months at a lower interest rate.  From the context, it is clear that Hunter alleges that Carpenter made the statement at the dealership when Hunter bought her car, and that she bought the car in part because of the statement.  The allegation of this false statement is thus sufficiently particular.

The second sufficiently particular statement is as follows:  "Defendant Carpenter made false and misleading statements that the Plaintiff could not afford a brand new car, even when it was not true, and charged her the cost of a brand new car."  Compl. ¶ 62.  This allegation is specific as to what was said (Hunter could not afford a new car) and who said it (Carpenter), and from the context of the complaint, the allegation is sufficiently clear as to when this statement was made (on September 28, 2007, the day that Hunter bought her used car) and what Carpenter got as a result of the statement (profit in the amount of the difference between the price of a new car and the cost of a used car).  Accordingly, the allegation of this false statement is sufficiently particular under Rule 9(b).

The Court agrees with Judge Mayeron that the remaining allegedly fraudulent statements in the complaint do not meet Rule 9(b)'s particularity requirement.  Specifically, Hunter alleges that "Defendants made false and misleading assertions that the rate was 'the best they could get' even when it was not true."  Compl. ¶ 62.  This allegation is insufficiently particular because, even if the Court assumes that the statement was made on September 28, 2007, Hunter has not identified which employee of which of the many defendants allegedly made the statement.  And the following allegations found in the "Fourth Cause of Action" are insufficiently particular in just about every respect:

> [T]hat Defendants misl[ed] a Disabled Adult into believing that
> she was buying merchandise at prices substantially below regular

> blue book and/or retail prices, when in fact she was not; that they misl[ed] the consumer as to the quality of the merchandise purchased; that they deprive consumers of various customer services offered by regularly established and bona fide "Interstate" retail and/or wholesale outlets without compensating advantage to Plaintiff . . . .

Compl. ¶ 115. This passage does not specify what was said when and by whom and is therefore insufficiently particular under Rule 9(b) to support Hunter's fraud-related state-law claims.

In finding two of Hunter's statements sufficiently particular under Rule 9(b), the Court does not intend to suggest that Hunter will prevail on her claims under Minnesota Statutes §§ 325D.09 and 325F.71. Indeed, the two statements that the Court has found to be sufficiently particular may not even suffice to state a claim under those statutes. The first statement (about refinancing in six months) relates to a future event, and the second statement (about her ability to afford a new car) is arguably a statement of opinion rather than an assertion of fact. But with respect to Hunter's "Fourth Cause of Action," Ford argued in its brief supporting its motion primarily that Hunter's statements were insufficiently particular under Rule 9(b). Mem. Supp. Ford Mot. at 7 [Docket No. 31]. And Ford did not object to Judge Mayeron's recommendation that Hunter's claims under Minnesota Statutes §§ 325D.09 and 325F.71 be dismissed without prejudice for failure to comply with Rule 9(b). If Ford sought dismissal of Hunter's Fourth Cause of Action with prejudice for failure to state a claim, rather than without prejudice for insufficient particularity, Ford should have said as much in response to the R&R.

The Court adopts the R&R in all other respects.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court OVERRULES IN PART Hunter's objection [Docket No. 88] and ADOPTS IN PART Judge

Mayeron's Report and Recommendation [Docket No. 86] to the extent that it is consistent with this order.  Accordingly, IT IS HEREBY ORDERED THAT:

1. The motion to dismiss and for a more definite statement of defendant Ford Motor Company [Docket No. 16] is GRANTED IN PART as follows:

   a. Plaintiff Inez Hunter's "Second Cause of Action" against Ford Motor Company is DISMISSED WITH PREJUDICE AND ON THE MERITS.

   b. With respect to plaintiff Inez Hunter's "Fourth Cause of Action," all claims against Ford Motor Company except those arising under Minnesota Statutes § 325D.09 and § 325F.71 are DISMISSED WITH PREJUDICE AND ON THE MERITS.

   c. With respect to plaintiff Inez Hunter's "Fourth Cause of Action," her claims against Ford Motor Company arising under Minnesota Statutes § 325D.09 and § 325F.71 are DISMISSED WITHOUT PREJUDICE to the extent that those claims are based on statements other than the two statements identified in this order as being sufficiently particular under Rule 9(b) of the Federal Rules of Civil Procedure.

   d. With respect to plaintiff Inez Hunter's "Fifth Cause of Action" against Ford Motor Company, all claims except those arising under Minnesota Statutes § 363A.16 are DISMISSED WITH PREJUDICE AND ON THE MERITS.

   e. Plaintiff Inez Hunter's "Sixth Cause of Action" against Ford Motor Company is DISMISSED WITH PREJUDICE AND ON THE MERITS.

2. The motion to dismiss and for a more definite statement of defendant Ford Motor Company [Docket No. 16] is DENIED in all other respects.

3. The motion of plaintiff Inez Hunter for default judgment against defendants Hastings Automotive, Inc., Dion Carpenter, and Doug Ericksen [Docket No. 22] is DENIED.

4. The motion of plaintiff Inez Hunter for default judgment [Docket No. 38] is DENIED with respect to defendant Ford Motor Company.

5. The motion of plaintiff Inez Hunter for default judgment against defendant Citi Financial Auto [Docket No. 63] is DENIED.

Dated: July 21, 2009   s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge