UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INEZ HUNTER, | Case No. 08-CV-4980 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| FORD MOTOR COMPANY; CHRYSLER, LLC; CITI FINANCIAL AUTO; HASTINGS AUTOMOTIVE, INC.; DION CARPENTER; DOUG ERICKSEN; and JOHN DOES I through X, | |
| Defendants. | |

Inez Hunter, pro se.

Brian L. Vander Pol, DORSEY & WHITNEY LLP, for defendant Ford Motor Company.

Marko J. Mrkonich and Reagan Wilkins Oden, LITTLER MENDELSON, PC, for defendant Chrysler, LLC.

David K. Cole, III and Lucia Nale, MAYER BROWN LLP; Kelly W. Hoversten, GRAY PLANT MOOTY MOOTY & BENNETT, PA, for defendant Citi Financial Auto.

Mark Scholle, SCHOLLE LAW FIRM, LTD., for defendants Hastings Automotive, Inc., Dion Carpenter, and Doug Ericksen.

In an order dated July 21, 2009, the Court adopted in part the Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron with respect to plaintiff Inez Hunter's motion for default judgment and the motions of defendants Chrysler, LLC and Ford

-1-

Motor Company ("Ford") to dismiss under Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 9(b). The Court denied Hunter's motion in its entirety and granted Ford's motion in part.[1]

Hunter has now filed an "objection" to the Court's July 21 order and a memorandum in support of that objection. Docket Nos. 122-23. It appears that Hunter seeks relief under Rule 60(b) on the basis of alleged fraud on the part of defendants.[2] Docket No. 123 at 5-7. Rule 60(b), however, applies only to "a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). The Court's July 21 order was not a "final . . . order," so relief is not available to Hunter under this rule. Clerical mistakes or the like in orders (whether final or otherwise) can be corrected in response to a Rule 60(a) motion, but Hunter asks for a substantive change in the Court's order, so relief is also not available to Hunter under Rule 60(a).

In fact, Hunter asks the Court to reconsider its July 21 order. But under the Local Rules of this Court, motions to reconsider are expressly "prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g). Hunter has not asked for permission to file a motion to reconsider, and the Court could deny her motion on that basis alone.

The Court will, however, deem Hunter's "objection" and supporting memorandum to be a request to file a motion to reconsider under L.R. 7.1(g), despite the fact that those documents exceed the page limit set forth in that rule. The Court finds that Hunter has not established the

---

[1] This case is stayed with respect to Chrysler because of Chrysler's recent bankruptcy petition.

[2] Hunter also complains about burdens imposed by an "English-Only Statute." Docket No. 122 at 5; Docket No. 123 at 2. The Court is not aware of any such statute that would be relevant to this case.

"compelling circumstances" that would justify allowing her to file a motion to reconsider the Court's July 21 order.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court construes Hunter's "objection" [Docket No. 122] as a request under L.R. 7.1(g) for leave to file a motion to reconsider and DENIES the request. To the extent that Hunter's "objection" [Docket No. 122] is a motion under Fed. R. Civ. P. 60, the Court DENIES the motion.

Dated: August 4, 2009

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge